UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DEBORAH A. STEPHEY,**

    **Plaintiff,**

v.                                            Case No. 8:20-cv-1203-AAS

**KILOLO KIJAKAZI,**[1]
**Acting Commissioner of Social**
**Security Administration,**

    **Defendant.**
_____/

### ORDER

Deborah Stephey moves for attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. Section 2412. (Doc. 28). The Commissioner does not oppose the motion. (*Id.* at p. 2). Ms. Stephey requests $7,267.56 in attorney's fees. The EAJA permits awards for reasonable attorney's fees to a prevailing party against the United States. 28 U.S.C. § 2412.

A May 6, 2021 order remanded the case to the Commissioner under

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). See also section 205(g) of the Social Security Act, 42 USC 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security). No further action needs to be taken to continue this suit by reason of the last sentence of section 405(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

sentence four of 42 U.S.C. Section 405(g) for further administrative proceedings. (Doc. 26). The Clerk entered judgment in favor of Ms. Stephey. (Doc. 27). Ms. Stephey now requests an award of attorney's fees under the EAJA. (Doc. 28).

The Commissioner does not contest the following: Ms. Stephey is the prevailing party; Ms. Stephey's net worth was less than $2 million when she filed her complaint; the Commissioner's position was not substantially justified; no special circumstances make an attorney's fees award unjust; and Ms. Stephey's attorney's fees request is reasonable. A court should grant a Social Security claimant's request for attorney's fees when it is unopposed. *See Jones v. Colvin*, No. 8:13-CV-2900-T-33AEP, 2015 WL 7721334 (M.D. Fla. Nov. 30, 2015) (awarding unopposed attorney's fees request). Thus, Ms. Stephey is entitled to $7,267.56 in attorney's fees.

Attorney's fees awarded to a claimant under the EAJA can be offset to satisfy the claimant's pre-existing debt to the United States. *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). Following this order, the United States Department of the Treasury will determine whether Ms. Stephey owes a debt to the United States. Ms. Stephey assigned her rights to EAJA fees to her attorney. (Doc. 28-1). If Ms. Stephey has no federal debt, the United States will accept her assignment of EAJA fees and pay the fees directly to counsel.

Accordingly, Ms. Stephey's motion for attorney's fees under the EAJA (Doc. 28) is **GRANTED**. Ms. Stephey is awarded **$7,267.56** in attorney's fees.

**ORDERED** in Tampa, Florida on July 20, 2021.

AMANDA ARNOLD SANSONE
United States Magistrate Judge